# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50377
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2016

Lyle W. Cayce
Clerk

CAROLE A. WALLACE; DENNIS A. WALLACE, JR.,

Plaintiffs - Appellants

v.

BARBARA W. HERNANDEZ,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-691

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:*

Proceeding *pro se*, Carole A. Wallace and Dennis A. Wallace, Jr., appeal the dismissal, for lack of subject-matter jurisdiction, of their challenge to a state probate court's ruling Barbara W. Hernandez is an heir of their mother, Ruby Greer Wallace. Fed. R. Civ. P. 12(b)(1); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The dismissal is reviewed *de novo*. *E.g.*, *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-50377

The Wallaces maintain they do not challenge the state-court judgment and only request a declaratory judgment to define their rights. Nevertheless, in expressly seeking the reversal of the state-court ruling that Hernandez is their relative, the Wallaces point to both the claimed deficiency of the DNA test relied upon by the state courts and the alleged inadequacies of Texas probate law, amounting to claimed constitutional violations of due process. "When issues raised in a federal court are inextricably intertwined with a state judgment and the court is in essence being called upon to review the state-court decision, the court lacks subject matter jurisdiction to conduct such a review." *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995) (internal quotation marks omitted).

Although *pro se* briefs are liberally construed, the contentions in them must be adequately briefed to be preserved. *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); Fed. R. App. P. 28(a)(8). Because the Wallaces do not address the district court's jurisdictional rulings under the *Rooker-Feldman* doctrine and concerning their due-process claims, they abandon any challenge they may have had to the court's rulings. *See Yohey*, 985 F.2d at 224–25; *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.